## Visitation of Banking Institutions.

*Banks and banking—Commissioner of Banking—Visitorial powers—Private banks—Acts of June 19, 1911, and May 5, 1921.*

1. An individual, partnership or unincorporated association, exempted from the operation of the Private Banking Act of June 19, 1911, P. L. 1060, as provided in section 8 of the act, is not subject to any visitorial power, inspection, examination or regulation by the Commissioner of Banking.

2. A corporation or person exempted from the operation of the Act of May 5, 1921, P. L. 374, as provided by section 12 of the act, is not exempt from supervision by the Banking Department under the powers vested in it by law.

3. The Banking Department should not undertake the supervision of the business and affairs of persons, partnerships and corporations exempt from such supervision by law, although requested to do so.

4. If any of those who operate under the provisions of the law exempting them from supervision by the Banking Department should advertise that they are subject thereto, notice should be served upon them by the department that, unless they discontinue such practice, public notice will be given that they are not under such supervision.

Attorney-General's Department. Opinion to Hon. P. G. Cameron, Second Deputy Commissioner of Banking.

GAWTHROP, Dep. Att'y-Gen., Jan. 27, 1922.—I have your communication of the 12th instant, containing three inquiries concerning the duties and powers of the Banking Department.

The first is as follows: "Is an individual, partnership or unincorporated association, exempted from the operation of the Private Banking Act of June 19, 1911, P. L. 1060, as provided in section 8 of said act, subject to any visitorial power, inspection, examination or regulation by the Commissioner of Banking?"

The Act of June 19, 1911, P. L. 1060, referred to, provides in section 1, inter alia: "That, except as provided in section eight (8), no individual, partnership or unincorporated association shall hereafter engage, directly or indirectly, in the business of receiving deposits of money for safe-keeping or for the purpose of transmission to another, or for any other purpose, without having first obtained from a board, consisting of the State Treasurer, the
1 D. & C.

Secretary of the Commonwealth, the Commissioner of Banking, hereinafter referred to as the 'Board,' a license to engage in such business."

Section 8 of the same act provides as follows: "The foregoing provisions shall not apply . . . (four) to any individual, partnership or unincorporated association who would otherwise be required to comply with the provisions of this act, who shall file with the Commissioner of Banking a bond in the sum of one hundred thousand dollars, approved by the board as to form and sufficiency for the purpose, and conditioned as in the first section prescribed, where the business is conducted in a city of the first or second class; and, if conducted elsewhere in the State, such bond shall be in the sum of fifty thousand dollars; or, in lieu thereof, money or securities, approved by the Commissioner of Banking, of the same amounts; nor (five) to any individual, partnership or incorporated association licensed under the laws of this Commonwealth to do a brokerage business, holding a membership in a lawfully incorporated brokerage exchange and doing only such banking as shall be incidental to such brokerage business. The books or records showing the deposit or account of any depositor with any individual, partnership or unincorporated association filing a bond, money or securities approved by the board, as provided in this section, shall not be subject to any visitorial power, inspection or examination by the Commissioner of Banking, nor to examination or inspection by, or production in, any department or agency of government, State or municipal; nor to inspection, examination or production in any court in any judicial proceeding, except in cases of insolvency or bankruptcy, or a judicial proceeding or investigation involving the rights and liabilities of a creditor or depositor. . . ."

It is too clear for argument that your first inquiry must be answered in the negative, unless the Commonwealth has by some other act lodged in the Banking Department the authority of visitation, inspection and examination. All banking institutions operating under the laws of the Commonwealth are subject to such regulations as the legislature may impose by the exercise of the police power. Private banks which operate by virtue of the exemption granted in section 8 of the Act of 1911 are not beyond the reach of the police power. An examination of the statutes relating to the Banking Department, and in particular the Act of May 21, 1919, P. L. 209, relating to the organization, maintenance and operation of the Banking Department, discloses the fact that the supervision, duties and powers of the Banking Department, so far as they relate to individuals, partnerships and unincorporated associations, extend and apply only to such as were at the time of the passage of the Act of 1919, or by subsequent legislation, shall be made subject to the supervision of the Banking Department, and to individuals doing the business of building and loan associations, or a business in the nature thereof. No act of assembly has subjected to the supervision of the Banking Department those individuals, partnerships or unincorporated associations exempted under section 8 of the Act of 1911, and you are advised that your first inquiry must be answered in the negative.

Your second inquiry is as follows: "Is a corporation or person, exempted from the operation of the Act of May 5, 1921, P. L. 374, as provided by section 12 of said act, subject to any visitorial power, inspection, examination or regulation by the Commissioner of Banking?"

The act referred to provides in section 2 thereof: That, "after the first day of October, 1921, no corporation or person shall, whether or not operating under a declaration of trust or other agreement, engage or continue, either directly or indirectly, in the business, within this Commonwealth, of receiving

single payments, regular instalment payments, or contributions to be held or used in any plan or accumulation or investment, or of issuing, negotiating, offering for sale or selling any contract on the partial payment or instalment plan, or of assuming fixed obligations, or issuing, in connection therewith, a contract based upon payments being made upon instalments or single payment, under which all or part of the total amount received is to be repaid at some future time, either with or without profit, unless such corporation or person is licensed to transact such business within this Commonwealth by the Commissioner in the manner hereinafter provided" by the act.

It further provides for an investigation by the Commissioner, the giving of bond or security in the sum of $100,000 for the fulfillment of contracts and the filing of reports with the Banking Commissioner, and gives the Commissioner the same powers of supervision and examination of any corporation or person licensed under the provisions of the act as are now or may hereafter be vested in him for the supervision and examination of banks, trust companies and other financial institutions.

Section 12 of the act provides that the act shall not apply to persons or corporations engaged in business of certain kinds (naming them), nor to banks and institutions subject to the supervision of the Banking Department or the supervision of the Insurance Commissioner of the Commonwealth. The effect of this section is to exempt all persons comprehended within its terms from the duty of making application for a license under this act and otherwise complying with the provisions respecting such licensees, but it does not follow that a corporation or individual or firm operating under the provisions of this section is not subject to any visitorial power, inspection, examination or regulation by the Commissioner of Banking. Under section 4 of the Act of May 21, 1919, P. L. 209, relating to the organization and operation of the Banking Department, that department is given supervision over all corporations, unincorporated associations, individuals and partnerships which are now or shall be by law made subject to the supervision of the Banking Department, and over "any individuals or associations of individuals doing the business of building and loan associations or a business in the nature thereof." The exemption granted by section 12 of the Act of May 5, 1921, P. L. 374, is exemption from compliance with that act and not exemption from supervision by the Banking Department under the powers vested in it by law.

Your third inquiry is as follows: "If any of the institutions above referred to are not subject to examination and supervision by the Commissioner of Banking, should the Commissioner of Banking, even though requested by the exempted institution to examine its business and affairs, accede to such request, in view of the responsibility entailed thereby and the lack of power to enforce a correction of any irregularity or unsatisfactory condition that might be disclosed?"

I am of the opinion that it would be a mistake in policy for your department to supervise and make examination of the business and affairs of persons, individuals and corporations coming within the exemption provided in the above named Acts of 1911 and 1921. If your department should examine private banks and other institutions upon the invitation of those conducting the same and should discover irregularity or that the business was in an unsafe condition, you would be powerless to close the institution or take such steps as are provided in the cases of institutions subject to your supervision. The result would be that private banks operating by reason of the exemption provided under section 8 of the Act of 1911, and those operating under the exemption provided under section 12 of the Act of 1921, could advertise to the public that

1 D. & C.

the Banking Department of the Commonwealth was exercising supervision over them and examining their affairs, but, at the same time, the Banking Department would be without authority to take the business into its own hands and protect depositors if necessity arise.

I suggest that if your attention is called to the fact that any of those who operate under the provisions of the law exempting them from supervision by the Banking Department advertise that they are subject thereto, you should serve notice that, unless they discontinue the practice, your department will publicly give notice that they are not under its supervision.

From Guy H. Davies, Harrisburg, Pa.